THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE RODRIGUEZ, on behalf of himself and all others similarly situated, | CASE NO. C19-0184-JCC |
| Plaintiff, | ORDER |
| v. | |
| EVERGREEN PROFESSIONAL RECOVERIES, INC., | |
| Defendant. | |

This matter comes before the Court on the parties' joint motion for certification of the proposed class and for preliminary approval of the parties' settlement agreement pursuant to Federal Rule of Civil Procedure 23 (Dkt. No. 48). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff Jesse Rodriguez brings this class action against Defendant Evergreen Professional Recoveries, Inc. On February 25, 2020, Mr. Rodriguez executed a settlement agreement with Evergreen. (*See* Dkt. No. 48 at 3.) For purposes of this order, all of the terms and definitions set forth in that settlement agreement shall apply herein. Having reviewed the

settlement agreement and considered the parties' original and renewed submissions in support of preliminary approval of the settlement, the Court now FINDS and ORDERS as follows:

1. Settlement Terms. Unless otherwise defined herein, all terms in this order shall have the meanings ascribed to them in the Settlement Agreement.

2. Jurisdiction. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. Scope of Settlement. The Settlement Agreement resolves all claims for the Settlement Class alleged in the Class Action Complaint filed in the Court on February 6, 2019. (*See* Dkt. No. 1.)

4. Preliminary Approval of Proposed Settlement Agreement. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement Agreement is fair, reasonable, adequate, and within the range of possible approval; (b) the Settlement Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of the Action; and (c) the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration, (Dkt. No. 50-3), are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

5. Class Certification for Settlement Purposes Only. Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was obtained by Evergreen, from Transunion LLC, for the purpose of collecting a debt arising out of any driving ticket violation in the United

States. The class excludes all persons who have filed for bankruptcy. The relevant class period is March 23, 2018 to present.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

    (a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    (b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

    (c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

    (d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

    (e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    (f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. Class Representative. The Court appoints Plaintiff to act as class representative of the Settlement Class pursuant to Rule 23.

//

8. Class Counsel. The Court appoints Ari Marcus and Yitzchak Zelman of Marcus & Zelman, LLC as Class Counsel pursuant to Rule 23.

9. Final Approval Hearing. At 9:00 a.m. on Tuesday, December 8, 2020, in Courtroom 700 of United States Courthouse, 700 Stewart Street, Suite 13128, Seattle, Washington 98101, or at such other date and time later set by court order, the Court will hold a Final Approval Hearing to determine (a) whether the Court should grant final approval of the Settlement Agreement; (b) the amount of attorney fees and expenses, if any, the Court should award to Class Counsel; and (c) the size of the service award, if any, the Court should grant to Plaintiff. A motion for final approval of the Settlement Agreement, a motion for attorney fees and an incentive award, and responses to any any written objections must be filed no later than November 19, 2020.

10. Settlement Claims Administrator. The Court appoints CPT Group, Inc. as the Claims Administrator. CPT must perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this order.

11. Class Notice. The Court approves the proposed plan for mailing class notice to the Settlement Class ("Notice Plan"), as more fully described in the Parties' joint motion and the Settlement Agreement. The Notice Plan complies with Rule 23, conforms with due process, and affords the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than 30 days from the date this order is issued ("Notice Deadline").

12. By November 25, 2020, the Claims Administrator will file with the Court proof that notice was provided in accordance with the Settlement Agreement and this order.

//

//

13. Claim Period. Settlement Class Members must submit claims within 90 days after the Notice Deadline (the "Claim Period"). To submit claims, Settlement Class Members must submit a valid and timely Claim Form while following the directions in the Claim Form.

14. Opt-Out and Objection Deadline. Settlement Class Members who wish to either object to the Settlement Agreement or request exclusion from the Settlement Class must do so no later than 60 days after the date this order is issued. Settlement Class Members may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

15. Exclusion from the Settlement Class. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must (a) be personally signed by the person in the Settlement Class who is requesting exclusion or, in the case of entities, an authorized representative of the entity which is requesting exclusion; (b) include the full name, current address, and telephone number of the person in the Settlement Class requesting exclusion; and (c) include a statement that the Settlement Class Member wants to be excluded from the Settlement Class. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

16. The Claims Administrator will retain a copy of all requests for exclusion. The Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received no later than 14 days before the Final Approval Hearing.

17. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Settlement Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

18. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

19. Objections to the Settlement. To object to the Settlement Agreement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) one of Class Counsel; and (b) Evergreen's Counsel. In connection with an objection, the Settlement Class Member must contain (a) the objecting Settlement Class Member's name, address, and telephone number; (b) the name of this Action and the case number; (c) a statement of each objection; and (d) a written brief detailing the specific basis for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection. If the objection is submitted through an attorney, the objection must contain the information set above plus the identity and number of Settlement Class Members represented by the objector's counsel. The Court will not consider an objection unless the objection includes all of the foregoing information.

20. Any Settlement Class Member who fails to comply with Paragraph 19 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or

any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

21. For any objection filed, the Clerk of the Court must redact the objector's social security number, street address, telephone number, and all but the first letter of the objector's last name.

22. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Settlement Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Settlement Agreement. In addition, no doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration, or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents, or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Evergreen, or any other person to establish liability, any defense, and/or any of the elements of class certification, whether in the Action or in any other proceeding.

23. In the event that the Settlement is not approved, is terminated, is canceled, or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Settlement Agreement, must be returned to Evergreen within 15 days of the event that causes the Settlement Agreement to not become effective.

//

24. No Admission of Liability. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity; of any liability or wrongdoing by Evergreen; or of the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this order, and the Final Approval Order.

25. Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that counsel jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

26. Stay/Bar of Proceedings. All proceedings in this Action are stayed upon entry of this order, except as may be necessary to implement the Settlement or this order.

27. Schedule of Future Events. Accordingly, the Court sets the following deadlines:

| | |
|---|---|
| Deadline for notice to be provided in accordance with the Settlement Agreement and this order ("Notice Deadline") | Within 30 days following entry of the Preliminary Approval Order |
| Deadline to file objections or to submit requests for exclusion ("Opt-Out and Objection Deadline") | Within 60 days following the Notice Deadline |
| Deadline for Settlement Class Members to Submit a Claim Form ("Claim Period") | Within 90 days following the Notice Deadline |

| Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections.<br>(4) Motion for Attorney Fees and Incentive Award | 20 days prior to the Final Approval Hearing |
|---|---|
| Final Approval Hearing | Tuesday, December 8, 2020 at 9:00 a.m.[1] |

For the foregoing reasons, the Court GRANTS parties' joint motion for class certification and for preliminary approval of the parties' class action settlement agreement (Dkt. No. 48).

DATED this 8th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to 28 U.S.C. § 1715(d), this date must be at least 90 days following the distribution of notice of the proposed settlement agreement to the Attorney General of the United States and the appropriate state official.