THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br>      v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC.,<br><br>              Defendant. | CASE NO. C19-0184-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motions for class certification and final approval of the settlement (Dkt. No. 52) and attorney fees (Dkt. No. 53). Having thoroughly considered Plaintiff's briefing and the relevant record, the Court hereby DEFERS consideration of the motions for the reasons explained herein.

## I.  BACKGROUND

Plaintiff Jesse Rodriguez was issued a driving ticket in 2018. (Dkt. No. 1 at 3.) When he failed to pay it, Seattle Municipal Court hired Defendant Evergreen Professional Recoveries to collect the debt. (*Id.* at 3.) As part of its collection efforts, Evergreen requested Mr. Rodriguez's credit report from TransUnion. (*Id.* at 3–4.) In response, Mr. Rodriguez filed this class action lawsuit, alleging that Evergreen requested his credit report (and others') for an improper purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (*Id.* at 7–9.)

Mr. Rodriguez seeks actual damages, statutory damages, punitive damages, and an injunction prohibiting Evergreen from violating the FCRA in the future. (*Id.* at 12–13.)

After Plaintiff filed the complaint, the parties engaged in discovery for approximately one year. (Dkt. No. 52-1 at 19.) On February 20, 2020, Evergreen moved for summary judgment and for the Court to deny class certification. (*See* Dkt. Nos. 39, 42.) Five days later, the parties participated in mediation with retired King County Superior Court Judge Paris Kallas and reached a settlement agreement. (*See* Dkt. No. 48 at 3.) The parties notified the Court of the settlement on March 6, 2020 and moved for preliminary approval two months later. (Dkt. Nos. 45, 48.) The Court preliminarily approved the settlement on July 8, 2020 and approved the parties' proposed class notice. (Dkt. No. 51.) No class members have opted out of or objected to the proposed settlement. (Dkt. No. 52-2 at 3.) Plaintiff now seeks final class certification, approval of the settlement, and attorney fees and costs.

## II.   DISCUSSION

Courts have long recognized that there are "inherent dangers [in] class settlements" because "[t]he incentives for the negotiators to pursue their own self-interest and that of certain class members are implicit in the circumstances and can influence the result of the negotiations." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003). "Because of the inherent tensions among class representation, defendant's interests in minimizing the cost of the total settlement package, and class counsel's interest in fees . . . district courts [have] a fiduciary duty to look after the interests of . . . absent class members." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 610 (9th Cir. 2018) (internal quotation marks and citations omitted). Accordingly, the Court has "an independent obligation to ensure that the" settlement and the attorney fee award are reasonable, "even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("*Bluetooth*"); *see* Fed. R. Civ. P. 23(e)(2), (h).

//

**A. Attorney Fee Motion**

Federal Rule of Civil Procedure 23(h) provides both substantive and procedural protections to class members. Substantively, it prohibits the Court from awarding attorney fees and costs unless they are "reasonable." Procedurally, it requires class counsel to provide notice of its fee motion "to class members in a reasonable manner" so that they "may object to the motion." Fed. R. Civ. P. 23(h)(1)–(2). Plaintiff bears the burden of showing that these requirements have been satisfied. *Johnson v. MGM Holdings, Inc.*, 794 F. App'x 584, 586 (9th Cir. 2019). On this record, Plaintiff has failed to do so. Accordingly, the Court DEFERS consideration of Plaintiff's fee motion so that Plaintiff may supplement the record.

The Ninth Circuit has determined that an attorney fee of 25% of the amount for which a defendant is willing to settle is a "benchmark" for a reasonable attorney fee.[1] *See Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). If class counsel relying on the lodestar method (as Plaintiff's counsel does here) requests a fee award above the 25% benchmark, the Court must take "a second look to evaluate the reasonableness of the hours worked and rates claimed." *In re Coordinated Pretrial Procs. in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997).

Evergreen is willing to spend $108,070 to settle this matter. (*See* Dkt. No. 49 at 10, 13, 16–17, 52-2 at 4) (attorney fees and costs: $73,520, class recovery: $24,800, incentive payment to Mr. Rodriguez: $2,000, cost of settlement administration: $7,750.) Plaintiff's counsel seeks 68% of that amount.[2] Because Plaintiff's counsel's fee request exceeds the Ninth Circuit's 25%

---

[1] The Ninth Circuit developed the 25% benchmark in the context of common fund settlements, but it encourages district courts using the lodestar method to cross-reference their calculations with this benchmark. *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1242 (9th Cir. 2019). "If the lodestar amount exceeds the 25% benchmark for percentage-of-recovery awards, a second look to evaluate the reasonableness of the lodestar calculation is appropriate." *Id.* Therefore, as a practical matter, the 25% benchmark applies regardless of whether the Court employs the percentage-of-recovery method or lodestar method to calculate the award in the first instance.

[2] To be conservative, the Court includes the cost of settlement administration here. *See Staton*, 327 F.3d at 975 (holding that courts may, but are not required to, include the cost of settlement

benchmark, the Court must closely examine the reasonableness of the hours worked and the rates claimed. On this record, the Court cannot do so because Plaintiff has not supported his fee motion with "documentation and other evidence" such as "time sheets documenting [his counsel's] work and time spent." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Nor has Plaintiff provided any supporting documentation for the costs he requests, which is essential for the Court to determine whether they are reasonable. *See, e.g., Johnson v. Metro-Goldwyn-Mayer Studios, Inc.*, 2018 WL 5013764, slip op. at 12 (W.D. Wash. 2018) (reducing costs awarded because supporting documentation suggested that class counsel sought reimbursement for first class airfare).

Rule 23(h) also provides procedural protections to class members: class counsel must provide notice of its fee motion "to class members in a reasonable manner" so that class members "may object to the motion." Fed. R. Civ. P. 23(h)(1)–(2). There is no evidence in the record showing that class counsel has complied with these requirements. While the preliminary approval documents informed class members that Plaintiff's counsel *intended to* seek attorney fees and costs "of no more than $73,520.00," (Dkt. No. 52-2 at 10), they did not include "the fee motion itself" or the forthcoming "time sheets detailing how many hours were spent by each attorney on specific tasks," *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 991, 993–94 (9th Cir. 2010). Therefore, class members have not received the requisite notice. *See In re Volkswagen*, 895 F.3d at 614 ("Rule 23(h) plainly requires that class members have a chance 'to object to the fee motion itself, not merely to the preliminary notice that such a motion will be filed,' even if counsel specifies in its preliminary notice to the class the amount in fees it will later request.") (quoting *In re Mercury*, 618 F.3d at 993–94).

//

---

administration when evaluating the total benefit to the class). If the Court were not to include settlement administration costs, Plaintiff's counsel's fee request would account for 73% of the amount Evergreen is willing to pay to settle.

ORDER
C19-0184-JCC
PAGE - 4

**B. Motion for Final Class Certification and Settlement Approval**

The relationship between class counsel's fee request and the benefit obtained for the class is also one of the key factors the Court examines when analyzing whether a settlement is fair, reasonable, and adequate. The Court must examine both whether the proposed settlement agreement was negotiated fairly and whether it is substantively fair. *See* Fed. R. Civ. P. 23(e)(2)(A)–(B), (C)(iii). The Court must subject settlement agreements that are reached before a class is certified to "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required." *Bluetooth*, 654 F.3d at 946. Courts must look for "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Id.* at 947. Two such signs are "when counsel receive a disproportionate distribution of the settlement" or "when the parties negotiate a clear sailing agreement . . . in which defendants agree[] not to object to an award of attorneys' fees." *Id.* (internal quotation marks and citations omitted). If these signs are present, the Court may not approve the settlement absent "a clear explanation of why the disproportionate fee is justified and does not betray the class's interests." *Id.* at 949. Both signs are present here, so the Court must apply the heightened standard. (*See* Dkt. No. 49 at 16 ("Evergreen does not and shall not oppose [Plaintiff's request for $73,520 in attorney fees].").) The Court cannot apply that heightened standard without adequate documentation supporting Plaintiff's fee request.

Finally, the Court is concerned that the preliminary approval notice informed class members that the fairness hearing would occur on December 8, 2020 in the courthouse, but that hearing did not occur because the courthouse has been closed due to the COVID-19 pandemic. (*See* Dkt. No. 52-2 at 11–12.)

//

//

//

//

## III. CONCLUSION

For the foregoing reasons, the Court DEFERS consideration of Plaintiff's motions for final class certification, final settlement approval, and attorney fees (Dkt. Nos. 52, 53) and ORDERS as follows:

Within 14 days of the date of this order, Plaintiff's counsel shall file their timesheets and documentation supporting their requested costs[3] and the parties shall submit supplemental briefing that addresses:

1. When the parties can provide notice of Plaintiff's attorney fee motion and supporting documentation to the class, when the Court should set the deadline for class members to object to that motion, and when the Court should reschedule the fairness hearing (at which the Court will also hear argument on the fee motion).

2. Whether the parties must provide notice of the date of the new fairness hearing and information about participating remotely to class members when they notify the class of Plaintiff's fee motion.

The Court's order is not intended to suggest that the Court is or is not likely to grant final approval of the settlement or award the attorney fees Plaintiff requests. *See In re Volkswagen*, 895 F.3d at 610 ("[T]here are few, if any, hard-and-fast rules about what makes a settlement 'fair' or 'reasonable.'"). The Court holds only that it cannot do so on the present record.

DATED this 27th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] The Court also encourages Plaintiff to submit any documentation supporting the requested incentive award.

ORDER
C19-0184-JCC
PAGE - 6