THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br>     v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC.,<br><br>            Defendant. | CASE NO. C19-0184-JCC<br><br>ORDER |

This matter comes before the Court on the parties' supplemental brief requesting that the Court approve supplemental notice to the class. The Court set out the factual and legal background relevant to this order in its previous order and does not repeat it here. (*See* Dkt. No. 54.)

Before finally approving a class action settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Class counsel must also provide notice of an attorney fee motion "to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th

Cir. 1980)). "Settlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009).

The parties' proposed notice largely meets these standards but does not appear to be final. For example, it still refers to the fairness hearing as occurring on December 8, 2020 and suggests the deadline for objecting to the attorney fee motion is October 9, 2020, which is before the motion was filed. (*See* Dkt. Nos. 55-1 at 3, 6–7.) The Court understands this to be because the parties seek to include information from the Court in the notice. The Court presumes that the parties will revise the notice to provide class members with "a clear deadline . . . for filing an objection" to the fee motion, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954 (9th Cir. 2015), which is "*after* the motion and documents supporting it have been filed," *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). Accordingly, the Court now provides the parties with the relevant information and ORDERS the parties to file a final, revised class notice for approval no later than March 17, 2021. The Court will review the proposed notice promptly.

The parties propose that the Court set the deadline to object to the attorney fee motion for 30 days after the supplemental notice is sent to class members. (Dkt. No. 55 at 2.) That deadline is reasonable. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 954 (approving of 14-day time period to object to attorney fee motion). The parties also propose that the Court hold a fairness hearing 30–60 days after the objection deadline and offer to "provide the class members . . . with a Zoom . . . link." (Dkt. 55 at 3.) This proposal is reasonable too.

Accordingly, the Court ORDERS as follows:

1. The parties shall submit a revised, final supplemental notice of the attorney fee motion and supporting documentation to the Court for approval no later than March 17, 2021. When the parties send the notice to class members, the parties must provide class members with the documentation supporting the fee request, including the timesheets at Docket Number 55-2.

2. The deadline for objecting to the attorney fee motion shall be May 7, 2021.

3. The fairness hearing shall be on Wednesday, June 23, 2021 at 10:00 a.m. Pacific Time. Class members may join at this link: https://wawd-uscourts.zoomgov.com/j/1615286040?pwd=TDhONURLYnIxRjlodjlmOFhXbjFDQT09. The parties shall include this link in their revised proposed notice.

4. The Court notes that the first page of the notice contains inconsistent language. The capital letters at the top refer to individuals whose reports were obtained "between March 23, 2018, and present" while the remainder of the document refers to individuals whose reports were obtained "on or after February 07, 2017." (Dkt. No. 55-1 at 1.) The Court orders the parties to use the proper date throughout the proposed notice.

DATED this 5th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE