THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE RODRIGUEZ, on behalf of himself and all others similarly situated,

Plaintiff,

v.

EVERGREEN PROFESSIONAL RECOVERIES, INC.,

Defendant.

CASE NO. C19-0184-JCC

ORDER

This matter comes before the Court on Plaintiff's motions for class certification and final approval of the settlement (Dkt. No. 52) and attorney fees (Dkt. No. 53). Having thoroughly considered Plaintiff's briefing and the relevant record, and having held a fairness hearing on June 23, 2021, the Court hereby GRANTS the motions for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff Jesse Rodriguez was issued a driving ticket in 2018. (Dkt. No. 1 at 3.) When he failed to pay it, Seattle Municipal Court hired Defendant Evergreen Professional Recoveries to collect the debt. (*Id.* at 3.) As part of its collection efforts, Evergreen requested Mr. Rodriguez's credit report from TransUnion. (*Id.* at 3–4.) In response, Mr. Rodriguez filed this class action lawsuit, alleging that Evergreen requested his credit report (and others') for an improper purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (*Id.* at 7–9.)

After Mr. Rodriguez filed the complaint, the parties engaged in discovery for approximately one year. (Dkt. No. 52-1 at 19.) On February 20, 2020, Evergreen moved for summary judgment and for the Court to deny class certification. (*See* Dkt. Nos. 39, 42.) Five days later, the parties participated in mediation with retired King County Superior Court Judge Paris Kallas and reached a settlement agreement. (*See* Dkt. No. 48 at 3.) The parties notified the Court of the settlement on March 6, 2020 and moved for preliminary approval two months later. (Dkt. Nos. 45, 48.) On July 8, 2020, the Court concluded that it would likely be able to certify the following class for settlement purposes:

> All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was obtained by Evergreen, from TransUnion LLC, for the purpose of collecting a debt arising out of any driving ticket violation in the United States. The class excludes all persons who have filed for bankruptcy. The relevant class period is March 23, 2018 to present.

(Dkt. No. 51 at 2–3.) The Court also preliminarily approved the settlement and approved the parties' proposed class notice. (*See id.* at 2, 4.)

Several months later, Mr. Rodriguez moved for class certification, final settlement approval, and attorney fees, but he did not provide absent class members with notice of the attorney fee motion and did not include his attorneys' billing records, which made it impossible for the Court to evaluate the fairness of the settlement or the reasonableness of the attorney fees with the level of scrutiny the Ninth Circuit requires. (*See* Dkt. No. 54.) Mr. Rodriguez has since supplemented the record and provided additional notice to the absent class members. (*See* Dkt. Nos. 55-2, 60.) No class members have opted out of or objected to the proposed settlement, and none appeared at the fairness hearing. (Dkt. No. 60-1 at 3.) Mr. Rodriguez now moves for the Court to certify the class for settlement purposes, approve the settlement, and award his counsel attorney fees and costs.

//
//
//

ORDER
C19-0184-JCC
PAGE - 2

## II. DISCUSSION

### A. Class Certification

The Court concludes that the class should be certified for the following reasons:

1. The class of 248 consumers is "so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1); *see* Dkt. No. 52-1 at 9.
2. There "are questions of law and fact common to the class," including whether Evergreen requesting class members' credit reports violated the FDCPA and, if so, whether that violation was willful. Fed. R. Civ. P. 23(a)(2).
3. Mr. Rodriguez's claim is typical of the absent class members' claims. Fed. R. Civ. P. 23(a)(3).
4. Mr. Rodriguez and his counsel have adequately protected the interests of the class. Fed. R. Civ. P. 23(a)(4).
5. The common questions of law and fact predominate over questions affecting only individual class members and a class action is superior to other methods for fairly and efficiently adjudicating the class members' claims. Fed. R. Civ. P. 23(b)(3).

In its motion to deny class certification Evergreen argued that the Court should not certify the class because individualized damages issues predominate. (*See* Dkt. No. 42 at 7–8.) Specifically, Evergreen argued that the only actual damages Mr. Rodriguez and class members seek are invasion of privacy damages and that each class member would be required to prove emotional distress to recover those damages. (*Id.*) But even assuming without deciding that Evergreen is correct, individualized issues regarding actual damages have no bearing on whether the class should be certified for purposes of settlement because the FCRA allows for *statutory* damages, which do not depend on class members establishing actual damages or emotional distress. *See* 15 U.S.C. § 1681n(a)(1)(A). Therefore, the Court certifies the class for settlement purposes.

//

## B. Settlement Fairness, Attorney Fees, and Incentive Award

To determine whether the settlement is fair, reasonable, and adequate, the Court must consider whether "the class representatives and class counsel have adequately represented the class," "the proposal was negotiated at arm's length," "the relief provided for the class is adequate," and "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). Having considered these factors, the Court concludes that the settlement agreement is fair, reasonable, and adequate.

First, the agreement was negotiated at arm's length after seven hours of mediation involving Judge Kallas. (*See* Dkt. Nos. 52-1 at 6, 55-2 at 4.) Second, the relief provided for the class is adequate. Each class member will receive roughly $112 in statutory damages. (*See* Dkt. No. 60-1 at 3.) Although this is at the low end of the $100–$1,000 range for statutory damages under the FCRA, it is an adequate recovery in light of the risks of proceeding with the litigation. If the class were to proceed with the litigation and fail to establish that Evergreen violated the FCRA "willfully," they would not be entitled to statutory damages and could recover only actual damages. *See* 15 U.S.C. §§ 1681n(a)(1)(A), 1681o(A). But there is no evidence in the record suggesting that any of the class members suffered any actual damages. Indeed, in discovery Mr. Rodriguez was unable to identify actual damages he suffered with any degree of specificity. (*See* Dkt. No. 43-2 at 5, 9.) Further, Evergreen argued in its motion to deny class certification that the Court could not certify a class of individuals seeking only actual damages in this case. (*See* Dkt. No. 42.) If the Court were to conclude that Evergreen did not act willfully and were to agree that a class of individuals seeking only actual damages could not be certified, the class members would be left to litigate their actual damages claims on their own, which would likely not make rational economic sense unless their actual damages were unusually large. Therefore, this recovery is adequate in light of the risks of proceeding with the litigation.

Two aspects of the proposed settlement give the Court pause. First, as the Court explained in its previous order, which the Court incorporates by reference, Mr. Rodriguez's

ORDER
C19-0184-JCC
PAGE - 4

attorneys seek between 68% and 73% of the amount Evergreen is willing to pay to settle. (*See* Dkt. No. 54 at 3–4.) Second, some of the language in Mr. Rodriguez's briefing could be interpreted to mean he seeks to recover $1,000 in statutory damages while the other members of the class will recover only around $112. (*See* Dkt. No. 53-1 at 4.) Despite these concerns, the Court concludes that Mr. Rodriguez and class counsel have adequately represented the class and that, with one adjustment explained below, the settlement will treat class members equitably.

    1. Attorney Fees

The Court starts with attorney fees.[1] As the Court explained in its previous order, the settlement agreement here contains two "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) ("*Bluetooth*"). Specifically, the proposed agreement awards Mr. Rodriguez's attorneys a disproportionate share of the settlement and includes a clear sailing provision, in which Evergreen agreed not to challenge Mr. Rodriguez's fee request. While these features are disfavored, they do not automatically render a proposed settlement unfair. *Briseño v. Henderson*, 2021 WL 2197968, slip op. at 9 (9th Cir. 2021). But when they are present, the Court may not approve the settlement absent "a clear explanation of why the disproportionate fee is justified and does not betray the class's interests." *Bluetooth*, 654 F.3d at 949.

The disproportionate fee award is justified in this case. Every class action comes with certain baseline costs, such as the cost of drafting the complaint, conducting discovery, and moving for class certification, among others. While some of these costs may vary with the size of the class, there is not always a direct relationship. For example, the cost of drafting the complaint in this action would likely have been roughly the same regardless of whether there were 248 class members or 248,000. Similarly, the cost of responding to Evergreen's motion to deny class

---

[1] The Court analyzes the reasonableness of the fees requested under Rule 23(e)(2) and Rule 23(h) simultaneously.

ORDER
C19-0184-JCC
PAGE - 5

certification would likely have been the same regardless of the size of the class. As a result, the size of the class often has a significant impact on the portion of the recovery that must be allocated to attorney fees. When the class is small, as it is here, these costs almost invariably consume a larger portion of the recovery than they would if the class were larger. This effect is compounded when the recovery for each class member is relatively modest.

If the Court were too aggressive in disapproving settlements with small classes because of disproportionate fee awards, plaintiff's lawyers would be discouraged from representing small groups of people who have been harmed and then those individuals would be left without a feasible option to vindicate their rights. Therefore, rather than create a bright line rule, the Ninth Circuit has instructed district courts to determine whether plaintiffs' attorneys' hourly rates are reasonable and whether they expended a reasonable number of hours litigating the case. *See Briseño*, 2021 WL 2197968, slip op. at 8. If they did, the Court may approve the settlement, even if the fee award is disproportionate.

Mr. Rodriguez and the class are represented by two attorneys, who charge $475 per hour and $400 per hour. (*See* Dkt. No. 55-2.) To determine whether those rates are reasonable, the Court must look to the prevailing rates for attorneys of similar reputation and ability in the community in which the Court sits. *See Johnson v. Metro-Goldwyn-Mayer Studios, Inc.*, 2018 WL 5013764, slip op. at 7 (W.D. Wash. 2018). Ordinarily the party requesting fees must demonstrate the prevailing rate, but the Court may also rely on "its own familiarity with the legal market," *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011), and "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney," *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Based on those factors, the Court concludes that Mr. Rodriguez's attorneys' rates are reasonable. *See, e.g., Rodriguez v. AllianceOne Receivables, Inc.*, Case No. C15-1224-RAJ, Dkt. Nos. 60-2 at 5–6, 70 (W.D. Wash. 2019) (approving rates of $450 per hour and $350 per hour for Plaintiff's attorneys when they were less experienced).

After reviewing the billing records, the Court also concludes that the hours Mr. Rodriguez's attorneys worked is reasonable, except for two hours that relate only to Mr. Rodriguez's claims against TransUnion, which were dismissed and did not lead to this settlement with Evergreen, and 0.7 hours purportedly spent reviewing the Court's two-and-a-half page order regarding discovery and depositions (Dkt. No. 4) and a half-page notice of withdrawal of counsel (Dkt. No. 30). (*See* Dkt. No. 55-2.) The Court finds that the hours related only to TransUnion are not relevant to the present settlement and that a reasonable amount of time spent reviewing those orders was no more than 0.3 hours. Therefore, the number of hours reasonably expended was 153.2 for Mr. Marcus and 12.3 for Mr. Zelman. (*See* Dkt. No. 53-5 at 4.) Multiplying those hours by their reasonable rates results in a total fee award of $72,770 for Mr. Marcus and $4,920 for Mr. Zelman for a total of $77,690. (*See id.*) Mr. Rodriguez's attorneys' request for $73,520 in attorney fees is reasonable, particularly since they chose not to seek separate reimbursement for roughly $10,000 in costs they incurred. (*See* Dkt. No. 55 at 3.)

    2. <u>Incentive Award</u>

The remaining issue is the proposed $2,000 payment to Mr. Rodriguez. His attorneys characterize this payment differently in different places. At the outset of their motion for attorney fees they characterize the payment as consisting of two amounts: $1,000 "for his statutory damage" and a $1,000 incentive payment "in recognition for his services to the Settlement Class." (Dkt. No. 53-1 at 4.) By the end of the motion, they characterize the full amount as an "Incentive Award." (*Id.* at 11.) The distinction is significant because the Ninth Circuit has held that "special rewards for counsel's individual clients are not permissible," *Staton v. Boeing Co.*, 327 F.3d 938, 976 (9th Cir. 2003), and Rule 23(e)(2)(D) requires the Court to consider whether the proposed settlement "treats class members equitably relative to each other." Mr. Rodriguez receiving $1,000 in statutory damages while every other class member receives $112 without any justification for the difference would not meet these standards. At the same time, the Ninth Circuit has held that reasonable incentive awards are permissible if they are "intended 'to

compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, [or] to recognize their willingness to act as a private attorney general.'" *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1057 (9th Cir. 2019) (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009)). Thus, the full $2,000 payment may be permissible if it is an incentive award and is reasonable based on Mr. Rodriguez's service to the class. The Court concludes that Plaintiff's counsel's initial description was an error and that the full amount of the payment is an incentive award because Plaintiff's attorneys also refer to the payment as an "incentive award" in their supplemental briefing. (*See* Dkt. No. 55 at 4.)

According to Plaintiff's counsel's representations and the billing records, Mr. Rodriguez spent roughly 15 hours assisting with discovery, discussing and attending mediation, and otherwise communicating with his attorneys. (*See* Dkt. Nos. 53-1 at 11–12, 55-2.) They also represent that Mr. Rodriguez is a small business owner "who was forced to take time from his business" when assisting class counsel for the class's benefit. (Dkt. No. 55 at 4.) Without this service, the class likely would have recovered nothing. Accordingly, the Court concludes that an $1,888 incentive award is reasonable for Mr. Rodriguez's service to the class. When the $1,888 incentive award is added to Mr. Rodriguez's $112 in statutory damages, he will receive a total of $2,000.

## III. CONCLUSION

For the foregoing reasons the Court GRANTS Plaintiff's motions to certify the class, finally approve the settlement, and award attorney fees (Dkt. Nos. 52, 53).

DATED this 23 day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0184-JCC
PAGE - 8